IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH JOSEY | ) | Civil Action No.: WDQ12-CV-0144 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NCO FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant, NCO Financial Systems, Inc., ("NCO"), by and through undersigned counsel, and for its Answer to plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

1.     NCO admits that plaintiff brings this action for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq.*, Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Maryland Consumer Protection Laws, but denies any and all liability, violations and/or damages under the Acts/Laws.

### JURISDICTION AND VENUE

2.     NCO admits the allegations in ¶ 2 for jurisdictional purposes, but denies any and all liability, violations and/or damages.

3.     NCO admits the allegations in ¶ 3 for venue purposes, but denies any and all liability, violations and/or damages.

4.     NCO denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.    NCO admits that it is a Pennsylvania corporation.

6.    NCO denies the allegations in ¶ 6 for lack of knowledge or information to

sufficient to form a belief therein.

## FACTUAL ALLEGATIONS

7.    NCO admits only that it obtained the credit report of Judith Josey with a

permissible purpose. Except as specifically admitted, NCO denies the allegations in ¶ 7.

8.    NCO denies the allegations in ¶ 8.

9.    NCO denies the allegations in ¶ 9.

## COUNT I

10.    In response to ¶ 10, NCO hereby incorporates by reference its answers to

paragraphs 1 -9.

11.    NCO denies the allegations in ¶ 11 for lack of knowledge or information to

sufficient to form a belief therein.

12.    NCO denies the allegations in ¶ 12 as calling for a legal conclusion.

13.    NCO denies the allegations in ¶ 13 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count I, NCO denies that

plaintiff is entitled to the relief sought.

## COUNT II

14.    In response to ¶ 14, NCO hereby incorporates by reference its answers to

paragraphs 1 -13.

15.    NCO denies the allegations in ¶ 15 as calling for a legal conclusion.

16.    NCO denies the allegations in ¶ 16 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count II, NCO denies that plaintiff is entitled to the relief sought.

## COUNT III

17.    In response to ¶ 17, NCO hereby incorporates by reference its answers to paragraphs 1 -16.

18.    NCO denies the allegations in ¶ 18 for lack of knowledge or information to sufficient to form a belief therein.

19.    NCO admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 19.

20.    NCO denies the allegations in ¶ 20 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count III, NCO denies that plaintiff is entitled to the relief sought.

## COUNT IV

21.    In response to ¶ 21, NCO hereby incorporates by reference its answers to paragraphs 1 -20.

22.    NCO denies the allegations in ¶ 22 for lack of knowledge or information to sufficient to form a belief therein.

23.    NCO admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of

the FDCPA. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 23.

24.    NCO denies the allegations in ¶ 24 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count IV, NCO denies that plaintiff is entitled to the relief sought.

## COUNT V

25.    In response to ¶ 25, NCO hereby incorporates by reference its answers to paragraphs 1 -24.

26.    NCO denies the allegations in ¶ 26 for lack of knowledge or information to sufficient to form a belief therein.

27.    NCO denies the allegations in ¶ 27 as calling for a legal conclusion.

28.    NCO denies the allegations in ¶ 28 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count V, NCO denies that plaintiff is entitled to the relief sought.

## COUNT VI

29.    In response to ¶ 29, NCO hereby incorporates by reference its answers to paragraphs 1 -28.

30.    NCO denies the allegations in ¶ 30 for lack of knowledge or information to sufficient to form a belief therein.

31.    NCO denies the allegations of ¶ 31 as calling for a legal conclusion.

32.    NCO denies the allegations in ¶ 32 including sub-part (a).

In the paragraph beginning with WHEREFORE under Count VI, NCO denies that plaintiff is entitled to the relief sought

## TRIAL BY JURY

The allegations are not directed towards NCO and do not require an affirmative response.   To the extent that an affirmative response is required, NCO denies the allegations.

AND NOW, in further Answer to the Complaint, Defendant NCO Financial Systems, Inc., avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/causes of action in plaintiff's Complaint fails to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCO Financial Systems, Inc. is found to be a debt collector as defined in FDCPA and/or the Maryland Consumer Protection Laws, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual damages.

## SEVENTH AFFIRMATIVE DEFENSE

NCO had a permissible purpose to obtain a credit report.


WHEREFORE, Defendant NCO Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Respectfully Submitted,

/s/  Erin O. Millar
Erin O. Millar (Bar No. 28325)
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, MD 21202-1636
Telephone (410)-659-6424
Facsimile (410)-234-2377
Email: emillar@wtplaw.com

*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of February, 2012, a copy of the foregoing Defendant NCO Financial Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent via U.S. Mail to Plaintiff, *pro se*, at the address below:

> Judith Josey
> PO Box 32396
> Pikesville, MD 21282

/s/   Erin O. Millar
Attorney for Defendant NCO